IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN MINIEX, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-00624 |
| | § | |
| HOUSTON HOUSING AUTHORITY, | § | |
| Defendant. | § | |

# MEMORANDUM AND ORDER
# ADOPTING IN PART AND OVERRULING IN PART
# MAGISTRATE JUDGE'S RECOMMENDATION

Plaintiff Karen Miniex commenced this lawsuit on February 27, 2017, against her former employer, Defendant Houston Housing Authority ("HHA").[1] Miniex claims HHA, (1) violated her due process rights by discharging her in a stigmatizing manner without affording her notice and an opportunity to be heard; (2) interfered with her rights under the Family Medical Leave Act ("FMLA"); (3) retaliated against her for asserting her rights under the FMLA; and (4) retaliated against her for engaging in activity protected by the False Claims Act ("FCA").[2]

---

[1] Plaintiff's Original Complaint [Doc. # 1].

[2] Plaintiff's Third Amended Complaint [Doc. # 59], ¶¶ 56-61.

## I. PROCEDURAL BACKGROUND

On July 13, 2018, HHA filed a Motion for Summary Judgment ("HHA's Motion") [Doc. # 105], seeking summary judgment on Miniex's four claims. On July 20, 2018, Miniex filed an Amended Motion for Partial Summary Judgment ("Miniex's Cross-Motion") [Doc. # 116]. The motions were referred to Magistrate Judge Dena Palermo.

On October 3, 2018, Magistrate Judge Palermo issued an "Order on Cross Motions for Summary Judgment" [Doc. # 171], a document the Court has deemed a "Report and Recommendation" ("R&R").[3]

In the R&R, the Magistrate Judge recommended granting HHA's Motion in its entirety and denying Miniex's Cross-Motion as moot. For each of Miniex's four claims, the Magistrate Judge held that no genuine dispute of material fact existed that Miniex could not establish one or more essential elements. Specifically, on Miniex's due process claim, the Magistrate Judge recommended dismissal for failure to introduce summary judgment evidence that HHA made stigmatizing charges against Miniex or publicized those charges. On Miniex's FMLA interference claim, the Magistrate Judge recommended dismissal for failure

---

[3] The parties purportedly consented to the Magistrate Judge handling this case for all purposes, but their written consent form failed to so designate. *See* Consent to Proceed Before United States Magistrate Judge Dena Palermo [Doc. # 153]; Hearing Minutes & Order [Doc. # 176]. Consequently, the Court treats the Magistrate Judge's summary judgment rulings as recommendations.

to introduce summary judgment evidence that HHA had notice of Miniex's intent to take leave or that HHA denied Miniex any FMLA benefits. On Miniex's FMLA retaliation claim, the Magistrate Judge recommended dismissal for failure to demonstrate a genuine dispute over causation. On Miniex's FCA retaliation claim, the Magistrate Judge recommended dismissal for failure to introduce evidence capable of demonstrating a prima facie case. Specifically, the Magistrate Judge recommended dismissal based on Miniex's failure to introduce evidence that HHA knew Miniex engaged in activity protected under the FCA. The Magistrate Judge accordingly recommended summary judgment dismissal of Miniex's four claims.

On October 29, 2018, Miniex filed twelve timely objections to the R&R.[4] HHA has responded.[5] Having reviewed the R&R, Miniex's objections, HHA's response, pertinent matters of record, and relevant legal authorities, the Court **adopts the R&R** with respect to Miniex's due process, FMLA interreference, and FMLA retaliation claims and **declines to adopt the R&R** with respect to Miniex's FCA retaliation claim.[6]

---

[4]   Objections to Report & Recommendation on Cross-Motions for Summary Judgment ("Objections") [Doc. # 180].

[5]   Defendant's Response to Plaintiff's Objections to Report & Recommendation on Cross-Motions for Summary Judgement ("Response") [Doc. # 181].

[6]   *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). A court need only conduct *de novo* review of those portions of the magistrate judge's report to which objection is made. *Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 347 (5th
(continued…)

## II. ANALYSIS

### A. General Objections, Due Process Claim, and FMLA Claims

Miniex repeatedly objects that the Magistrate Judge recommended summary judgment on grounds not raised by HHA. Upon review of HHA's briefing to the Magistrate Judge, the Court is satisfied that HHA raised to a sufficient degree the arguments on which the Magistrate Judge relied. Consequently, the Court **overrules** Miniex's first, fourth, seventh, and tenth objections.

Miniex next objects to the Magistrate Judge's recommendation that her due process claim should be dismissed for failure to raise a genuine fact dispute over whether HHA made stigmatizing charges against her or publicized those charges. Miniex does not assert that the summary judgment record supports the existence of a factual dispute over those two essential elements of her due process claims. Accordingly, the Court **overrules** Miniex's eleventh objection, **adopts** the Magistrate Judge's recommendation that Miniex's due process claim be dismissed, and **grants** summary judgment in favor of HHA on the due process claim.

---

(continued…)
Cir. 2012). "It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Id.* at 410 n.8.

Miniex objects to the Magistrate Judge's recommendation that her FMLA retaliation claim should be dismissed for failure to demonstrate a genuine fact issue over causation. Miniex contends that the Magistrate Judge applied the wrong causation standard, requiring Miniex's FMLA leave to have been the reason for the adverse employment action rather than simply one factor among many. Contrary to Miniex's assertion, the Magistrate Judge applied the correct standard. The Magistrate Judge recommended dismissal, concluding that there was no genuine factual dispute that Miniex's FMLA leave was *not* a factor in her termination, not that the leave was a less important factor among many. Miniex further contends that the Magistrate Judge incorrectly failed to treat a reprimand Miniex received as an adverse employment action that could give rise to an FMLA retaliation claim. Contrary to Miniex's assertion, the Magistrate Judge did consider the reprimand but held that no fact issue existed over whether that action was retaliatory. Consequently, the Court **overrules** Miniex's eighth and ninth objections, **adopts** the Magistrate Judge's recommendation that Miniex's FMLA retaliation claim be dismissed, and **grants** summary judgment in favor of HHA on the FMLA retaliation claim.

Miniex does not object to the Magistrate Judge's recommendation that her FMLA interference claim should be dismissed. Consequently, the Court **adopts** the Magistrate Judge's recommendation that Miniex's FMLA interference claim be

5

dismissed, and **grants** summary judgment in favor of HHA on the FMLA interference claim.

B.  FCA Retaliation Claim

Miniex objects to the Magistrate Judge's recommended dismissal of her FCA retaliation claim. This objection has merit for reasons discussed hereafter.

To establish a *prima facie* case for FCA retaliation, Miniex must demonstrate: (1) she engaged in activity protected under the FCA, (2) HHA knew of her protected activity, and (3) HHA retaliated against her because of her protected activity. *See United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 323 (5th Cir. 2016). "Once an employee establishes a prima facie case, 'the burden shifts to the employer to state a legitimate, non-retaliatory reason for its decision.'" *Diaz v. Kaplan Higher Educ., L.L.C.*, 820 F.3d 172, 176 (5th Cir. 2016) (quoting *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 388 (5th Cir. 2007)). "After the employer states its reason, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation." *Id.* (quoting *LeMaire*, 480 F.3d at 388-89).

The Magistrate Judge recommended summary judgment in favor of HHA based on Miniex's failure to introduce evidence that HHA knew Miniex engaged in protected activity, *i.e.*, met the "notice" requirement. According to the Magistrate Judge, Miniex's proffered protected activities—her fraud investigation

6

and fraud reporting to the HHA Board of Commissioners (the "Board")—were within the scope of her ordinary job responsibilities as HHA's general counsel. The Magistrate Judge relied on *Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948 (5th Cir. 1994).[7] She reasoned that HHA's awareness of Miniex's fraud investigation and reporting activities, which the Magistrate Judge deemed to be within the scope of Miniex's job responsibilities, could not put HHA on notice of FCA protected activity. Using the version of the FCA in effect before amendments in 2009 and 2010, the Magistrate Judge concluded that Miniex failed to adduce evidence showing a genuine fact dispute over an essential element of her *prima facie* case. Accordingly, the Magistrate Judge recommended dismissal of the FCA retaliation claim.

First, Miniex objects to the Magistrate Judge's application of a heightened notice standard for "fraud alert employees," employees whose job duties entail reporting fraud. Miniex contends that the 2009 and 2010 amendments to the FCA eliminate this requirement. Prior to the 2009 amendment, the FCA provided in

---

[7] Robertson was a senior contract administrator responsible for ensuring costs were properly charged to the government. *Robertson*, 32 F.3d at 949. Robertson brought an FCA retaliation claim, contending, among other things, that his employer knew he was investigating fraud by requesting substantiation for various charges. *Id.* at 950-52. The Fifth Circuit held that because Robertson's investigation was within the scope of his job duties, "Robertson failed to present sufficient evidence to support a finding that [his employer] was aware that his investigations were in furtherance of a *qui tam* action." *Id.* at 952.

7

substance that "[a]ny employee who is discharged . . . or . . . discriminated against . . . because of lawful acts . . . in furtherance of an action under this section . . . shall be entitled to all relief." False Claims Amendments Act of 1986, Pub. L. No. 99-562, § 4, 100 Stat. 3153, 3157 (codified as amended at 31 U.S.C. § 3730(h)(1)).[8]

As a result of the 2009 amendment, as clarified in 2010, the FCA statute was revised and provided for the time period in issue in this case that "[a]ny employee . . . or agent shall be entitled to all relief . . . if that employee . . . or agent is discharged . . . or . . . discriminated against . . . in furtherance of an action . . . or other efforts to stop 1 or more violations." Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. 111-203, § 1079A(c), 124 Stat. 1376, 2079 (2010) (codified at 31 U.S.C. § 3730(h)(1)).[9]

---

[8]   In full, the pre-2009 FCA retaliation provision stated:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

Pub. L. No. 99-562, § 4, 100 Stat. at 3157.

[9]   The post-2010 FCA retaliation provision states:

(continued…)

8

As explained below, the Court concludes that the 2009/2010 amendments apply in this case[10] and the Fifth Circuit's holding in *Robertson* regarding the notice requirement under the pre-2009 version of the FCA to make a *prima facie* showing for FCA retaliation claims generally remains in force. There also is a distinct issue about how *Robertson* applies to claims by fraud alert employees. No court of appeals has squarely addressed the question under the 2009/2010 FCA amendments.

Miniex cites district court cases and secondary sources for her argument that the 2009 and 2010 amendments eliminate the heightened notice standard for fraud alert employees. Miniex does not, however, articulate why these amendments abrogate *Robertson*'s holding on the notice requirement; *Robertson* addresses broadly the notice requirement but does not address fraud alert employees specifically. Of course, "an intervening change in law, such as by a statutory

---

(continued…)
        Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

Pub. L. 111-203, § 1079A(c), 124 Stat. at 2079.

[10]    Miniex does not contend that the Magistrate Judge failed to apply the 2009/2010 amendments.

9

amendment" may free the Court from the binding effect of Fifth Circuit precedent. *See Tech. Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 405 (5th Cir. 2012) (quoting *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008)). Miniex accordingly has not demonstrated that *Robertson*'s holding has been abrogated, and the Court is unpersuaded that the Magistrate Judge erred by recommending adherence to *Robertson* in this regard. The Court concludes *Robertson*'s holding that an employer lacks notice of its employee's protected activity if the employee's protected conduct was "consistent with the performance of his dut[ies]," *see* 32 F.3d at 952, and applies this rule to Miniex, even though she may well be a fraud alert employee. Miniex's sixth objection is **overruled**.

Miniex next objects to the R&R on the ground that, under *Robertson*'s notice standard, a genuine dispute exists over whether her protected activity exceeded the scope of her job duties. The Court agrees. Applying *Robertson*'s standard, the Court concludes that Miniex has demonstrated a genuine fact dispute concerning the scope of her job duties and whether HHA had notice of her protected conduct performed outside the scope of her job responsibilities. In particular, the Court's review of the summary judgment record reveals a genuine dispute over whether Miniex's supervisor, Tory Gunsolley, terminated Miniex's employment because she presented to the Board as a whole and to a member of the

Board, contrary to Gunsolley's instructions, a report of systemic fraud in the Veterans' Affairs Supportive Housing ("VASH") Program and a recommendation for a broader fraud investigation into the VASH Program. The Court concludes that Miniex has met her summary judgment burden on the issue of *prima facie* causation, and on the ultimate issues of Gunsolley's intent and whether his explanations were pretext for Miniex's employment termination. Consequently, Miniex's second objection is **sustained** in limited part**.** The Court **declines to adopt** the R&R with respect to the FCA retaliation claim, and summary judgment on the FCA retaliation claim is **denied**.[11]

### III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Magistrate Judge's Report and Recommendation [Doc. # 171] is **ADOPTED** as the Court's Memorandum and Order with respect to Miniex's due process, FMLA interference, and FMLA retaliation claims and **NOT ADOPTED** with respect to Miniex's FCA retaliation claim. It is further

**ORDERED** that Defendant HHA's Motion for Summary Judgment [Doc. # 105] is **GRANTED** with respect to Miniex's due process, FMLA interference,

---

[11] Because the Court does not adopt the Magistrate Judge's recommendation that Miniex's FCA retaliation claim be dismissed for the reason identified in objection two, the Court does not rule on objections three and five.

and FMLA retaliation claims, and **DENIED** with respect to Miniex's FCA retaliation claim. Miniex's due process, FMLA interference, and FMLA retaliation claims are **DISMISSED with prejudice**. It is further

**ORDERED** that Plaintiff Miniex's Amended Motion for Partial Summary Judgment [Doc. # 116] is **DENIED**. It is further

**ORDERED** that the parties shall appear for the pretrial conference on **January 4, 2019, at 11:00 am**, as previously set. The Court will establish a further schedule in this case at that time.

SIGNED at Houston, Texas, this 13th day of **December, 2018.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

12

P:\ORDERS\11-2017\624AdoptR&R.docx  181213.1258