# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **KAREN MINIEX,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:17-CV-00624** |
| | § | |
| **HOUSTON HOUSING AUTHORITY,** | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

**JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Karen Miniex submits the attached Joint Jury Instructions and Verdict Form. The agree to these instructions and interrogatories except where noted in blue/red color coding. Blue text is proposed by the Plaintiff and red text is proposed by the Defendant.  In particular, Defendant objects to Plaintiff's Proposed Instructions Nos. 9, 16, 18, and 20.  Plaintiff objects to Defendant's Proposed Instruction No. 22. The Parties disagree about the wording of Instructions Nos. 14 and 17, so each Party has proposed separate language for those instructions, with particular disagreements **in bold**.

The Parties disagree on the interrogatories regarding liability in the verdict form. However, the Parties agree to the damages interrogatories, except that Plaintiff objects to the inclusion of the term "proximately."

Dated:  February 26, 2019

Respectfully submitted,

/s/ *Michael Hurta*
Zenobia Harris Bivens

State Bar No. 24065378
Joel M. Androphy
State Bar No. 01254700
Victoria Mery
State Bar No. 24094845
Michael Hurta
State Bar No. 24097860
Berg & Androphy
3740 Travis Street
Houston, Texas 77002
Telephone (713) 529-5622
Facsimile (713) 529-3785
Email: zbivens@bafirm.com
Email: jandrophy@bafirm.com
Email: vmery@bafirm.com
Email: mhurta@bafirm.com

*Attorneys for Plaintiff Karen Miniex*

## INSTRUCTION NO. 1

**Introduction**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have

heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

*Source: Fifth Circuit Civil Pattern Jury Charge 3.1*

<u>**INSTRUCTION  NO. 2**</u>

<u>**Bias—Corporate Party Involved**</u>

Do not let bias, prejudice or sympathy play a part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

*Source: Fifth Circuit Civil Pattern Jury Charge 2.16*

6

## INSTRUCTION NO. 3

### Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

*Source: Fifth Circuit Civil Pattern Jury Charge 3.3*

## INSTRUCTION NO. 4

**Stipulations of Fact**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

*Source: Fifth Circuit Civil Pattern Jury Charge 2.3*

INSTRUCTION NO. 5

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

*Source: Fifth Circuit Civil Pattern Jury Charge 3.4*

9

### INSTRUCTION NO. 6

**Impeachment by Witness's Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*Source: Fifth Circuit Civil Pattern Jury Charge 2.11*

10

<u>**INSTRUCTION NO. 7**</u>

**Limiting Instruction**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

*Source: Fifth Circuit Civil Pattern Jury Charge 2.7*

<u>**INSTRUCTION  NO. 8**</u>

**<u>Demonstrative Evidence</u>**

The parties have used illustrations, pictures, and models to describe something involved in this trial.  If your recollection of the evidence differs from the illustration, picture, or model, rely on your recollection.

*Adapted from Fifth Circuit Civil Pattern Jury Charge 2.8*

12

## PLAINTIFF'S PROPOSED INSTRUCTION  NO. 9

### Spoliation

Defendant Houston Housing Authority has failed to take necessary and reasonable steps to preserve the electronically stored information in the cell phone used by Plaintiff Karen Miniex while she was employed at Defendant Houston Housing Authority.  Although there is no evidence regarding whether or not Defendant Houston Housing Authority intentionally failed to preserve the data, the loss of the data may have prevented Plaintiff Karen Miniex from producing evidence of Defendant Houston Housing Authority's liability in this case.  You may make any inferences you deem reasonable from this fact, and you may also ignore this information.

[Defendant objects to the inclusion of this instruction.]

*Requested in accordance with Fed. R. Civ. P. 37(e)(1); <u>see also</u> <u>Estate of Esquivel v. Brownsville Indep. Sch. Dist.</u>, No. 1:16-cv-40, 2018 WL 7050211, at \*7 (S.D. Tex. Nov. 20, 2018) (describing elements of the instruction).*

## INSTRUCTION No. 10

**Deposition Testimony**

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you today. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

*Source: Fifth Circuit Civil Pattern Jury Charge 2.13*

<u>**INSTRUCTION NO. 11**</u>

**Expert Witnesses**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

*Source: Fifth Circuit Civil Pattern Jury Charge 3.5*

15

<u>**INSTRUCTION NO. 12**</u>

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.  Anyone may make a claim and file a lawsuit. The act of making a claim in the lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

*Source: Fifth Circuit Civil Pattern Jury Charge 3.6*

16

<u>**INSTRUCTION NO. 13**</u>

<u>**Burden of Proof**</u>

Plaintiff Karen Miniex has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Karen Miniex has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

*Source: Fifth Circuit Civil Pattern Jury Charge 3.2*

17

**P**LAINTIFF'S **P**ROPOSED **I**NSTRUCTION **N**O. 14

**False Claims Act – Retaliation: Intro**

Plaintiff Karen Miniex alleges that **she was retaliated against by Defendant Houston Housing Authority for her efforts to stop one or more violations of the False Claims Act.**

The False Claims Act is a federal law designed to discourage fraud against the United States government.  Its central purpose is to prevent any person or entity from presenting a false claim for payment to the government.

The False Claims Act contains an anti-retaliation provision.  The purpose of the anti-retaliation provision is to assure protection from retaliation for those who expose or consider exposing potential fraud to the government.

*Source: 31 U.S.C. § 3730(h); see Universal Health Servs., Inc. v. United States ex rel. Escobar, 136 S.Ct. 1989, 1996 (2016); United States ex rel. Cassaday v. KBR, Inc., 590 F. Supp. 2d 850, 860–61 (S.D. Tex. 2008).  See also Fifth Circuit Civil Pattern Jury Charges 11.5 & 11.11.*

18

**DEFENDANT'S PROPOSED INSTRUCTION NO. 14**

**False Claims Act – Retaliation: Intro**

Plaintiff Karen Miniex alleges that **she was retaliated against by Defendant Houston Housing Authority because she presented to the Board, as a whole and to a member of the Board, a report of systemic fraud in the Veterans' Affairs Supportive Housing ("VASH") Program and a recommendation for a broader fraud investigation into the VASH Program.**

The False Claims Act is a federal law designed to discourage fraud against the United States government. Its central purpose is to prevent any person or entity from presenting a false claim for payment to the government.

The False Claims Act contains an anti-retaliation provision. The purpose of the anti-retaliation provision is to assure protection from retaliation for those who expose or consider exposing potential fraud to the government.

Plaintiff Karen Miniex claims that Defendant Houston Housing Authority retaliated against her because she engaged in a protected activity.

**Plaintiff Karen Miniex claims she engaged in a protected activity because she presented to the Board, as a whole and to a member of the Board, a report of systemic fraud in the Veterans' Affairs Supportive Housing ("VASH") Program and a recommendation for a broader fraud investigation into the VASH Program.**

*Source: 31 U.S.C. § 3730(h); see Universal Health Servs., Inc. v. United States ex rel. Escobar, 136 S.Ct. 1989, 1996 (2016); United States ex rel. Cassaday v. KBR, Inc., 590 F. Supp. 2d 850, 860–61 (S.D. Tex. 2008). See also Fifth Circuit Civil Pattern Jury Charges 11.5 & 11.11.*

19

Defendant Houston Housing Authority denies Plaintiff Karen Miniex's claim and asserts that Plaintiff did not engage in protected activity as the reports were part of her job duties, that it did not have knowledge that she was engaging in a protected activity, and that it did not take any of the adverse employment actions against her because of  protected activity by Plaintiff.

*Source: 31 U.S.C. § 3730(h); see Universal Health Servs., Inc. v. United States ex rel. Escobar, 136 S.Ct. 1989, 1996 (2016); United States ex rel. Cassaday v. KBR, Inc., 590 F. Supp. 2d 850, 860–61 (S.D. Tex. 2008).  See also Fifth Circuit Civil Pattern Jury Charges 11.5 & 11.11.*

INSTRUCTION NO. 15

**False Claims Act – Retaliation: Elements**

It is unlawful for an employer to retaliate against an employee for engaging in an activity protected by the False Claims Act.  In this case, the decisions to take adverse employment actions against Plaintiff Karen Miniex were made by Tory Gunsolley, the President and CEO of the Houston Housing Authority.

To prove unlawful retaliation, Plaintiff Karen Miniex must prove by a preponderance of the evidence:

1. Plaintiff Karen Miniex engaged in protected activity;

2. Tory Gunsolley knew that Plaintiff Karen Miniex engaged in a protected activity; and

3. Tory Gunsolley took an adverse employment action against Plaintiff Karen Miniex on account of her engaging in protected activity.

*Source: 31 U.S.C. § 3730(h); United States ex rel. Bias v. Tangipahoa Parish Sch. Bd., 816 F.3d 315, 323 (5th Cir. 2016); see also Fifth Circuit Civil Pattern Jury Charge 11.7 ("In this case, the decision to [specify adverse employment action] Plaintiff [name] was made by [name of decision-maker]."); EEOC v. EmCare, Inc., 857 F.3d 678, 683 (5th Cir. 2017) (explaining that an employer's notice of a protected activity is generally shown through the decisionmaker's knowledge) Gee v. Principi, 289 F.3d 342, 346 (5th Cir. 2002) ("[I]n determining whether an adverse employment action was taken as a result of retaliation, our focus is on the final decisionmaker.").*

21

PLAINTIFF'S PROPOSED INSTRUCTION NO. 16

False Claims Act – Retaliation: "Protected Activity" Definition

A "protected activity" under the False Claims Act is any effort by Plaintiff Karen Miniex to stop fraud at the Houston Housing Authority.  In order to show that she engaged in a protected activity, Plaintiff Karen Miniex does not need to show that she knew about the False Claims Act, that she filed a lawsuit under the False Claims Act, or that a False Claims Act violation actually occurred.

Plaintiff Karen Miniex claims she engaged in a protected activity by reporting allegations of fraud to:

(1) the Houston Housing Authority Board of Commissioners;
(2) the Federal Bureu of Investigation; or
(3) the U.S. Department of Housing and Urban Development Office of Inspector General.

[Defendant objects to this instruction.]

Source: 31 U.S.C. § 3730(h); see also Thomas v. ITT Educ. Servs., Inc., 517 F. App'x 259, 262 (5th Cir. 2013) (defining a protected activity after statutory amendments as "one motivated by a concern regarding fraud against the government").

<u>PLAINTIFF'S PROPOSED INSTRUCTION NO. 17</u>

<u>False Claims Act – Retaliation: Knowledge/Notice Definition</u>

In determining whether Tory Gunsolley knew that Plaintiff Karen Miniex engaged in a protected activity, Plaintiff Karen Miniex must prove that:

(a) the protected activity was known or communicated to Tory Gunsolley, or

(b) the protected activity was so open and obvious that Tory Gunsolley should have known of it.

*Plaintiff's definition is adapted from the knowledge instruction in the Fifth Circuit Civil Pattern Jury Charge 11.4.*

### DEFENDANT'S PROPOSED INSTRUCTION NO. 17

**False Claims Act – Retaliation: Knowledge/Notice Definition**

In order to bring a False Claims Act ("FCA") retaliation action, an employee must show that (1) the employee engaged in activity protected by the FCA, and (2) the employer knew about this activity. *Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 951 (5th Cir. 1994). In addition, the employee must show that an adverse employment action was taken against her "because of" this protected activity. *United States, ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 736 (D.C. Cir. 1998). As an employee charged with investigating potential fraud, Miniex cannot bring a retaliation action based on her ordinary responsibilities but must have made clear her intentions to bring or assisting in bringing a "FCA lawsuit" in order to overcome the presumption that she was merely acting in accordance with her employment obligations." *United States ex rel. Ramseyer v. Century Healthcare Corp.,* 90 F.3d 1514, 1522 (10th Cir. 1996); *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 568 (6th Cir. 2003). An "adverse employment action" is any action that would negatively affect the terms or conditions of a plaintiff's employment, including but not limited to firing or discharging the employee, demoting the employee, suspending the employee, threatening the employee, or harassing the employee.

25

<strong>PLAINTIFF'S PROPOSED INSTRUCTION NO. 18</strong>

**False Claims Act – Retaliation: "Adverse Employment Action" Definition**

An "adverse employment action" under the False Claims Act is any action that would negatively affect the terms or conditions of a plaintiff's employment, including but not limited to firing or discharging the employee, demoting the employee, suspending the employee, threatening the employee, or harassing the employee.

Plaintiff Karen Miniex claims that Tory Gunsolley retaliated against her because she engaged in a protected activity, by:

(1) Threatening her job from June 2016 through August 2016;
(2) giving her a "written verbal" warning on September 8, 2016;
(3) sending her home and locking her out of her Houston Housing Authority email and cell phone on November 29, 2016; or
(4) terminating employment on December 9, 2016.

[Defendant objects to this Instruction.]

*The definition of "adverse employment action" comes from 31 U.S.C. § 3730(h).*

26

INSTRUCTION NO. 19

**False Claims Act – Retaliation: Causation**

To find in favor of Plaintiff Karen Miniex, you need not find that the only reason for Tory Gunsolley's decision was Plaintiff Karen Miniex's protected activity.  But you must find that Tory Gunsolley's decision to make any single adverse employment action would not have occurred but for her protected activity.

If you disbelieve the reason Tory Gunsolley has given for his decision, you may, but are not required to, infer that Tory Gunsolley decided to take an adverse employment action against Plaintiff Karen Miniex on account of her engaging in a protected activity.

*Adapted from Fifth Circuit Civil Pattern Jury Charges 11.5 & 11.11; Faculty of Fed. Advocates, Model Employment Law Jury Instructions 56 (2013); see also Burton v. Freescale Semiconductor, Inc., 798 F.3d 222, 238–41 (5th Cir. 2015); Strong v. Univ. Healthcare Sys., L.L.C., 482 F.3d 802, 807–08 (5th Cir. 2007).*

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 20

## False Claims Act – Retaliation: Pretext

Plaintiff Karen Miniex may show that Defendant Houston Housing Authority's stated reasons for its decision are pretextual (not the true reason) in any of several ways.  I will suggest some factors you should consider in deciding whether you believe the reasons Tory Gunsolley has given.  Some examples of ways in which you may determine that Defendant Houston Housing Authority's stated reasons are pretext are:

- Evidence that any of Tory Gunsolley's stated reasons for the decisions are false, contradictory, or implausible;

- Evidence that Tory Gunsolley acted contrary to written or unwritten company policy or an established company practice;

- Evidence that Tory Gunsolley did not uniformly enforce its own rules;

- Evidence that Tory Gunsolley otherwise exhibited disturbing procedural irregularities in dealing with Plaintiff Karen Miniex;

- Evidence that of suspicious timing between the adverse employment action and the protected activity;

- Evidence that Plaintiff Karen Miniex lacked a disciplinary history before he adverse employment actions;

- Evidence that Plaintiff Karen Miniex had exemplary performance before the adverse employment actions were taken;

- Evidence that Defendant Houston Housing Authority failed to investigate another employee's complaints about Plaintiff Karen Miniex;

- Evidence that the adverse employment action was taken with a rushed paper trail;

- Evidence that other employees who committed nearly identical misconduct were given lesser discipline under nearly identical circumstances;

- Evidence that the criteria used to evaluate Plaintiff Karen Miniex was subjective; or

- Evidence of ever-changing explanations from Defendant Houston Housing Authority and Tory Gunsolley to explain why they took an adverse employment action against Plaintiff

*Adapted from Faculty of Fed. Advocates, Model Employment Law Jury Instructions 56 (2013); see also, e.g., Burton v. Freescale Semiconductor, Inc., 798 F.3d 222, 238–41 (5th Cir. 2015); Strong v. Univ. Healthcare Sys., L.L.C., 482 F.3d 802, 807–08 (5th Cir. 2007).*

Karen Miniex.

If you find pretext, you may, but are not required to, infer that Tory Gunsolley decided to take an adverse employment action against Plaintiff Karen Miniex on account of her engaging in a protected activity.  The list I just read represents only some examples, but you must consider all relevant evidence in determining whether you believe Tory Gunsolley's reasons for taking adverse employment actions against Plaintiff Karen Miniex.

[Defendant objects to this instruction.]

*Adapted from Faculty of Fed. Advocates, <u>Model Employment Law Jury Instructions</u> 56 (2013); <u>see also, e.g.</u>, <u>Burton v. Freescale Semiconductor, Inc.</u>, 798 F.3d 222, 238–41 (5th Cir. 2015); <u>Strong v. Univ. Healthcare Sys., L.L.C.</u>, 482 F.3d 802, 807–08 (5th Cir. 2007).*

PROPOSED INSTRUCTION  NO. 21

**Damages**

　　If you found that Defendant Houston Housing Authority violated the False Claims Act, then you must determine whether it has caused Plaintiff Karen Miniex damages and, if so, you must determine the amount of those damages.  If you find in Plaintiff Karen Miniex's favor, you will determine the amount for separate categories of damages, and the Court will calculate a final award for Plaintiff Karen Miniex.  You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Karen Miniex has proved liability.

　　Plaintiff Karen Miniex must prove her damages by a preponderance of the evidence.  Your award must be based on evidence and not on speculation or guesswork.  On the other hand, Plaintiff Karen Miniex need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

　　You may award compensatory damages only for injuries that Plaintiff Karen Miniex proves were proximately caused by Defendant Houston Housing Authority's allegedly wrongful conduct.  The damages that you award must be fair compensation for all Plaintiff Karen Miniex's damages, no more and no less.  Damages are not allowed as punishment and cannot be imposed or increased to penalize Defendant Houston Housing Authority.  You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff Karen Miniex has actually suffered or that plaintiff Karen Miniex is reasonably likely to suffer in the future.

*Adapted from Fifth Circuit Civil Pattern Jury Charge 11.14, 15.2, & 15.3; 31 U.S.C. § 3730(h); see also Cook Cty. v. United States ex rel. Chandler, 538 U.S. 119, 132 (2003) ("[I]f [the jury] finds liability [under the FCA], its instruction is to return a verdict for actual damages, for which the court alone then determines any multiplier.").*

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Karen Miniex would have earned in her employment with Defendant Houston Housing Authority if she had not been terminated from December 12, 2016, to the date of your verdict; (2) the amount of earnings and benefits that Plaintiff Karen Miniex received from employment during that time; (3) the amount of front pay and benefits Plaintiff Karen Miniex would earn in the future; and (4) the amount of other damages sustained by Plaintiff Karen Miniex for mental anguish, emotional distress, or pain and suffering.

Back pay includes the amounts the evidence shows Plaintiff Karen Miniex would have earned had she remained an employee of Defendant Houston Housing Authority. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement.

Front pay includes the amount of money Plaintiff Karen Miniex would earn in future lost wages and benefits but for her termination from the Houston Housing Authority, and this amount includes potential wages or salary, as well as benefits.

No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff Karen Miniex for the damages she has suffered. For these intangible damages, you may include reasonable compensation for any fears, anxiety, depression, disillusionment, shock, loss of self-worth, and other emotional distress suffered which Plaintiff

---

*Adapted from Fifth Circuit Civil Pattern Jury Charge 11.14, 15.2, & 15.3; 31 U.S.C. § 3730(h); see also Cook Cty. v. United States ex rel. Chandler, 538 U.S. 119, 132 (2003) ("[I]f [the jury] finds liability [under the FCA], its instruction is to return a verdict for actual damages, for which the court alone then determines any multiplier.").*

Karen Miniex proves by a preponderance of the evidence to be caused by Houston Housing Authority's adverse employment action.

There is no exact standard for determining actual damages.  You are to determine an amount that will fairly compensate Plaintiff Karen Miniex for the harm she has sustained.  Do not include as actual damages interest on wages or benefits.

*Adapted from Fifth Circuit Civil Pattern Jury Charge 11.14, 15.2, & 15.3; 31 U.S.C. § 3730(h); <u>see also</u> <u>Cook Cty. v. United States ex rel. Chandler</u>, 538 U.S. 119, 132 (2003) ("[I]f [the jury] finds liability [under the FCA], its instruction is to return a verdict for actual damages, for which the court alone then determines any multiplier.").*

## DEFENDANT'S PROPOSED INSTRUCTION NO. 22

### Mitigation of Damages

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate her damages, that is, to avoid or to minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which she could have avoided through reasonable effort. If you find that the defendant proved by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages that she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing her damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages that the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

[Plaintiff objects to the inclusion of this instruction.]

*Source: Fifth Circuit Civil Pattern Charge 15.5*

## INSTRUCTION NO. 23

**Duty to Deliberate**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

*Source: Fifth Circuit Civil Pattern Jury Charge 3.5*

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

*Source: Fifth Circuit Civil Pattern Jury Charge 3.5*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN MINIEX, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-00624 |
| | § | |
| HOUSTON HOUSING AUTHORITY, | § | |
| Defendant. | § | |
| | § | |
| | § | |

**VERDICT**

**Plaintiff's Proposed Question No. 1**

Do you find that Defendant Houston Housing Authority took an adverse employment action against Plaintiff Karen Miniex because she engaged in a protected activity?

Answer "Yes" or "No": _____

If you answered "Yes" to Question 1, proceed to the following questions.  If you answered "No" to Question 1, you are finished.  Please sign the verdict form.

36

**<u>Defendant's Proposed Question No. 1A</u>**

Do you find by a preponderance of the evidence that Plaintiff Miniex prove that her report to the HHA Board of Commissioners, as a whole and to a member of the Board, of systemic fraud in the Veterans' Affairs Supportive Housing ("VASH") Program and her recommendation for a broader fraud investigation into the VASH Program, were outside of her normal job duties as General Counsel for HHA?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question 1, proceed to the following questions.  If you answered "No" to Question 1A, please sign the verdict form.

37

**<u>Defendant's Proposed Question No. 1B</u>**

Do you find by a preponderance of the evidence that Plaintiff Miniex would not have been terminated from her employment with HHA but for her report to the HHA Board of Commissioners, as a whole and to a member of the Board, of systemic fraud in the Veterans' Affairs Supportive Housing ("VASH") Program and her recommendation for a broader fraud investigation into the VASH Program?

Answer "Yes" or "No": _____

If you answered "Yes" to Question 1B, proceed to the following questions.  If you answered "No" to Question 2, please sign the verdict form.

38

**Agreed Question No. 2**

What sum of money, if any, would fairly compensate Plaintiff Karen Miniex for her damages **proximately** [A1]caused by the wrongful acts of Defendant Houston Housing Authority?

Answer in dollars and cents for the following items and none other:

1. Back Pay:

    $_____

2. Front Pay:

    $_____

3. Past pain and suffering, inconvenience, mental anguish, or loss of enjoyment in life:

    $_____

4. Future pain and suffering, inconvenience, mental anguish, or loss of enjoyment in life:

    $_____

39

**Agreed Question No. 3**

What sum of money has Plaintiff Karen Miniex received in earnings and benefits from any employment since her termination on December 12, 2016?

$_____

This jury verdict form is complete.  It must be signed and dated by the foreperson of the jury.

THUS DONE AND SIGNED in Houston, Texas this _____ Day of March, 2019

_____
Jury Foreperson

40