IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN MINIEX, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-0624 |
| | § | |
| HOUSTON HOUSING AUTHORITY, | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Before the Court in this False Claims Act ("FCA") retaliation lawsuit is Movant The Law Offices of E. Sharon Thornton, LLC's ("LOESTLLC") Motion to Intervene ("Motion") [Doc. # 245].[1]  Plaintiff Karen Miniex filed a response,[2] and LOESTLLC replied.[3]  The Motion is now ripe for decision.  Based on the parties' briefing, relevant matters of record, and pertinent legal authority, the Court **grants** LOESTLLC's Motion.

---

[1] LOESTLLC originally styled its Motion as "Unopposed."  LOESTLLC now represents that Plaintiff Karen Miniex is opposed to the Motion.  Supplement to Motion to Intervene [Doc. # 246].  Defendant HHA does not oppose LOESTLLC's Motion.

[2] Plaintiff Karen Miniex's Response to Sharon Thornton's Motion to Intervene ("Response") [Doc. # 258].

[3] Reply in Further Support of Motion to Intervene ("Reply") [Doc. # 259].

## I.     BACKGROUND

Defendant Houston Housing Authority ("HHA"), one of the nation's largest public housing authorities, hired Plaintiff Miniex in March 2012 to serve as its general counsel.  Miniex served in that role until her employment was terminated in December 2016 following a dispute with HHA's president and CEO, Tory Gunsolley, over the proper handling of a fraud investigation.  Miniex sued HHA in February 2017, alleging she was retaliated against and ultimately fired for going outside the chain of command to report her concerns about fraud in violation of the FCA.

On March 21, 2019, a jury entered a verdict in Miniex's favor on her FCA retaliation claim.  Verdict Form [Doc. # 233].  On April 17, 2019, this Court entered Final Judgment [Doc. # 242], awarding Miniex $1,921,000, plus attorney fees and costs "to be determined on post-judgment motion."

On April 28, 2019, LOESTLLC requested leave to intervene in this case. LOESTLLC contends that its intervention is necessary to protect its fee interest in any recovery by Miniex.  Sharon Thornton, Esq., LOESTLLC's principal, represented Miniex, on an hourly and, later, a contingency fee arrangement, in this employment dispute with HHA, until Miniex terminated their attorney-client relationship in December 2017.  *See* Order dated December 27, 2017 [Doc. # 54].

LOESTLLC is presently engaged in arbitration with Miniex to recover Thornton's fees and costs.

Miniex opposes LOESTLLC's request to intervene, arguing that she will adequately represent LOESTLLC's interests in recovering attorney fees from HHA. Miniex concedes LOESTLLC is entitled to Thornton's reasonable fees. Miniex, however, "will not attest to the reasonableness of" Ms. Thornton's requested fees "and will not state whether Ms. Thornton exercised good billing judgment." Response at 11.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) provides for intervention by right when a movant brings a "timely motion" claiming "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In the Fifth Circuit, to obtain intervention as of right under Rule 24(a)(2), an intervenor must satisfy a four-prong test:

> (1) the application . . . must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (quoting *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015)). "Failure to satisfy any one requirement precludes intervention of right." *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996).

### III.   DISCUSSION

LOESTLLC satisfies Rule 24(a)(2)'s four prongs and is entitled to intervention as a matter of right.

#### A.   LOESTLLC's Motion Is Timely

LOESTLLC moved to intervene within a reasonable time after Miniex's attorneys' fee claim against HHA became ripe. "'Timeliness' is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970). LOESTLLC filed its Motion eleven days after the Court entered final judgment in favor of Miniex on her FCA retaliation claim. The Court's entry of final judgment gave rise to Miniex's right to recover her reasonable attorneys' fees. *See* 31 U.S.C. § 3730(h)(2). The entry of final judgment thus gave rise to LOESTLLC's potential right of intervention to protect its fee interest in any attorney fee recovery by Miniex against HHA. LOESTLLC satisfies Rule 24(a)(2)'s first prong.

### B. LOESTLLC Has an Interest in the Subject of the Action and Disposition of this Action May Impair LOESTLLC's Ability to Protect Its Interest

"[A]n interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim." *Texas*, 805 F.3d at 659. "The touchstone of the inquiry is whether the interest alleged is 'legally protectable.'" *Wal-Mart Stores*, 834 F.3d at 566 (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (en banc)).

The Fifth Circuit has repeatedly recognized that discharged attorneys who have sufficiently worked on a matter on a contingency fee basis have a legally protectable interest in that matter that may be jeopardized by not permitting intervention under Rule 24. *See Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 866 (5th Cir. 2019) ("[T]his circuit has consistently held that an attorney's contingent fee is a sufficient 'interest relating to the property or transaction that is the subject of the action for purposes of intervention.'" (quoting *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 53-54 (5th Cir. 1970) (per curiam)); *Valley Ranch Dev. Co. v. F.D.I.C.*, 960 F.2d 550, 556 (5th Cir. 1992) ("[A] discharged lawyer with a contingent fee agreement does have an 'interest' for purposes of intervention."); *Keith v. St. George Packing Co., Inc.*, 806 F.2d 525, 526 (5th Cir. 1986) (upholding discharged attorney's right of intervention to protect interests under

contingency fee contract); *Gilbert v. Johnson*, 601 F.2d 761, 767 (5th Cir. 1979) (upholding discharged attorney's right of intervention where under state law the attorney had a lien on his client's cause of action for compensation due for services rendered during that matter). While this rule has been the subject of some criticism, it remains the law of the circuit and the Court applies it here. *See Keith*, 806 F.2d at 526 ("Although *Gaines* may not represent the most persuasive use of Fed. R. Civ. P. 24, it binds us as the law of this Circuit until modified en banc."); *Alam v. Mae*, No. H-02-4478, 2007 WL 4411544, at *4 (S.D. Tex. Dec. 17, 2007) ("[A]lthough the rule announced in *Gaines* and *Gilbert*—that an attorney with a contingency fee agreement or who has otherwise sufficiently worked on a matter to establish an interest in a case may intervene as a matter of right under Rule 24—has been called into doubt, it remains the law of the circuit.").

Miniex does not contest that the second and third prongs of the Fifth Circuit's test for Rule 24(a)(2) intervention are satisfied. LOESTLLC has an interest in the subject of Miniex's attorney fee dispute with HHA and disposition of this action may impair LOESTLLC's ability to protect its interest. Accordingly, LOESTLLC satisfies the Rule 24(a)(2)'s second and third prongs.

### C. Miniex May Not Adequately Represent LOESTLLC's Interests

While LOESTLLC has the burden to establish that its interests will not be adequately represented by existing parties, "[this] requirement . . . is satisfied if the

applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Edwards*, 78 F.3d at 1005 (alteration in original) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). LOESTLLC satisfies this "minimal" burden to demonstrate that Miniex's representation "may be" inadequate. *See id.* Miniex and LOESTLLC are engaged in an arbitration over the amount Thornton is owed in attorney fees. Miniex's dispute with LOESTLLC indicates Miniex is not positioned to adequately represent LOESTLLC's interests regarding the *amount* of attorney fees to which Miniex is entitled for Thornton's work. Miniex states she "will not attest to the reasonableness of" Thornton's requested fees "and will not state whether Ms. Thornton exercised good billing judgment." *See* Response at 11. Accordingly, LOESTLLC satisfies the Rule 24(a)(2)'s fourth prong.

## IV. CONCLUSION AND ORDER

LOESTLLC satisfies the Fifth Circuit test for intervention as a matter of right under Rule 24(a)(2). However, this grant of intervention is limited. The Court permits LOESTLLC only to advocate that Miniex is entitled to recover attorney fees for Thornton's work, *not* what Miniex owes LOESTLLC directly. The amount LOESTLLC is owed from Miniex is a matter to be resolved by the arbitrator in the pending arbitration. It is therefore

**ORDERED** that LOESTLLC's Motion to Intervene [Doc. # 245] is **GRANTED in substantial part**.

SIGNED at Houston, Texas, this 5<u>th</u> day of **June, 2019.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE